[732 NYS2d 797]

In the Matter of JAMES A. RESTI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2001

#### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel,* Syracuse, for petitioner.

*James A. Resti,* Syracuse, respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 21, 1978, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his neglect of client matters. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm.

Respondent's admissions and the testimony at the hearing establish that respondent neglected the matters of six clients, resulting in the entry of two default judgments and the need for the clients to hire new counsel to resurrect their cases; failed to maintain required trust account and bank records; failed to return promptly unearned fees and client files; and failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to return unearned fees to clients;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of clients;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify his attorney trust account in a proper manner;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds and other property of clients or third persons coming into his possession and render appropriate accounts to the clients or third persons;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to clients property in his possession that the clients were entitled to receive;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—issuing attorney trust account checks made payable to cash rather than to a named payee; and

DR 9-102 (j) (22 NYCRR 1200.46 [j])—failing to produce required bookkeeping records in response to a notice issued by the Grievance Committee.

We further conclude that respondent violated 22 NYCRR 1400.2, by failing to provide to a client a statement of client's rights and responsibilities, and 22 NYCRR 1400.3, by failing to provide a client with a written retainer agreement.

We have considered the matters submitted by respondent in mitigation. We note, however, that respondent failed to avail himself of the opportunity afforded to him by the Referee to present medical documentation in mitigation. Additionally, we note that respondent was previously suspended from the practice of law for three months by this Court upon his misdemeanor conviction of failing to file an income tax return and that he previously received a Letter of Caution for neglecting a client matter. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for a period of one year and until further order of the Court.

GREEN, J. P., PINE, SCUDDER, BURNS and GORSKI, JJ., concur.

Order of suspension entered.